

STEVEN BANKS
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

ZOE RESZYTNIAK
*Assistant Corporation Counsel*
phone: (212) 356-2547
fax: (212) 356-3509
zreszytn@law.nyc.gov

May 12, 2026

**VIA ECF**
Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re:    Boja v. City of New York, et al.
                26 Civ. 02738 (LAK) (JW)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department representing Defendant the City of New York ("City") in the above-referenced matter. The City writes with Plaintiff's counsel to respectfully request that the initial conference scheduled for tomorrow, May 13, 2026 at 11:00 a.m. be adjourned *sine die*, until after the deadlines proscribed by Local Civil Rule 83.10 run their course. This is the first such request.

      As a threshold matter, the undersigned sincerely apologies for the timing of the instant request in light of Your Honor's individual rules requiring adjournments to be sought at least two (2) business days prior to a scheduled appearance. The undersigned was just assigned to this matter at 4:47 this afternoon so that this request could not be made sooner.

      By way of brief background, Plaintiff initiated this action on April 2, 2026 alleging violations to his civil rights in connection with a purported incident occurring on May 18, 2024 against the City, New York City Police Department ("NYPD") Officer Luis Hiraldogarcia, NYPD Lieutenant Joan A. Ferreira, and three "John and Jane Doe" individuals purportedly employed by the NYPD. (See ECF No. 1). The City was served with the Complaint on April 6, 2026, along with a release for sealed arrest records and Plaintiff's medical records. (See ECF No. 8). The docket lists the City's responsive deadline as April 27, 2026. (See id.). On April 14, 2026, Your Honor scheduled an initial conference in this matter for May 13, 2026, at 11:00 a.m. (See ECF No. 11).

      However, as noted by the April 6, 2026 Docket Entry, this case is proceeding under the Southern District of New York's Local Civil Rule 83.10, (formerly the "the Section 1983 Plan") (hereinafter "Local Civil Rule 83.10"). (See April 6, 2026 Docket Entry). For cases participating in Local Civil Rule 83.10, effective January 2, 2026, a Plaintiff is required serve the Complaint along with a release for sealed arrest records (a "Section 160.50 Release") and, if applicable,

medical records upon the City. (See Local Civil Rule 83.10(a)). If the Section 160.50 Release "is served on the defendant at the time the complaint is first served on a defendant, that defendant will have 80 days from the date of such service to answer the complaint." (See Local Rule 83.10(c)). Here, the City was served with the Complaint on April 6, 2026, along with a Section 160.50 release and a medical release. Thus, under Local Civil Rule 83.10(c), the City's responsive deadline is eighty days later, June 25, 2026.

In light of this matter proceeding under Local Civil Rule 83.10, an adjournment of the scheduled conference is respectfully requested, *sine die*, until after the deadlines proscribed by the rule have run their course. While Local Civil Rule 83.10 permits, but does not require, adjournments of initial conferences, given the undersigned's recent assignment to this matter, additional time is needed to familiarize myself with this matter, conduct an investigation consistent with Federal Rule of Civil Procedure 11 and ascertain representation of the individual Defendants pursuant to General Municipal Law Section 50-k. Further, assuming this matter continues through the Local Civil Rule 83.10 deadlines and is referred to mediation following the City's response to the Complaint, it is possible that the need for an initial conference will be mooted. Thus, an adjournment of the presently scheduled initial conference will best preserve the Court and parties' time and resources.

Accordingly, based on the foregoing, the parties respectfully request that the initial conference scheduled for May 13, 2026 at 11:00 a.m. is adjourned *sine die*.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zoe Reszytniak*

Zoe Reszytniak
*Assistant Corporation Counsel*
Special Federal Litigation Division

/s/ *Wylie M. Stecklow*

Wylie M. Stecklow
Wylie Stecklow PLLC

CC:    **VIA ECF**
    Counsel of Record

2